**COMMERCIAL STANDARD INS. CO. v. MOELLER.**

**No. 3117.**

Court of Civil Appeals of Texas. El Paso. Jan. 17, 1935.

Stewart W. Hellman and Levy & Evans, all of Fort Worth, for plaintiff in error.

W. B. Pope, of Dallas, for defendant in error.

PELPHREY, Chief Justice.

January 14, 1933, F. A. Tomberlin, Jay Payne, Jr., and Roy Patton filed a petition in the Ninety-Fifth district court of Dallas county for the appointment of a receiver to take charge of all the property of Emmett G. Steed, operating under the trade name of Steed Production Company. An order appointing J. B. Griffith such receiver was made January 14, 1933. On August 9th following, defendant in error filed her original petition in intervention in which she alleged that she had had several transactions with Emmett G. Steed in which she had paid over moneys to him by reason of certain false and fraudulent representations made to her by him. The amount alleged to have been so paid over was $997.37. She prayed that such amount be declared a prior lien and claim upon the assets of the Steed Production Company. August 21, 1933, she filed what she termed a motion to make new parties in the suit.

While plaintiff in error and W. E. West were both made parties, we shall here interest ourselves only as to the former; West having been later dismissed from the cause.

After charging that Steed had secured money from her by means of false and fraudulent pretenses, she alleged:

"Your intervener and applicant herein, here stated and she believes, and has reasons to believe, that the defendant, M. P. Brown, was and is a silent partner of the said Emmett G. Steed, trading as the Steed Production Company. That the said M. P. Brown managed and operated said Steed Production Company as a partner. That he participated in the profits thereof by methods used to hide his identity. That the truth and fact is that the said M. P. Brown would buy or enter into a contract to buy or purchase leasehold interests and/or the oil and gas leases upon properties in different localities in this state or any other state. That he would then trade or sell for money to the said Steed Production Company through the said Emmett G. Steed said oil and gas leases or leasehold interest for enormous and ridiculous prices. That the said M. P. Brown, was upon the 16th day of January, A. D. 1933, involved with the said Emmett G. Steed in the scheme of soliciting by the above mentioned methods and which were fraudulent in character and statement.

That the said M. P. Brown and the said Emmett G. Steed are in truth and in fact, partners in the said Steed Production Company, though the said M. P. Brown's name was not shown on the company's stationery. That the said M. P. Brown, together with the said Emmett G. Steed, did solicit from this applicant and intervener, by the use of said telegrams and telephone conversations the total sum of $997.37 in cash monies of the United States of America. * * *

"Your intervener and applicant believes that the said M. P. Brown, the silent partner of Emmett G. Steed, was upon said date directly or indirectly connected with the said Emmett G. Steed in the fraud hereinabove set out, and she believes that the said M. P. Brown received a great majority of the funds so wired to Emmett G. Steed, same being in figures, dollars and cents, in the sum of $9000.00, and your intervener believes that the said M. P. Brown has now in possession a large amount of money so collected in a trust fund to secure his personal appearance, he being out on bond from a conviction and sentence by the Federal Court in Dallas County, Texas; said case now being on appeal and the said M. P. Brown being out on bond of $15,000.00, and said bond being made by the Commercial Standard Insurance Company, a corporation, whose place of business, or has an agent in the Republic Bank Building in Dallas, Texas.

"Your applicant and intervener believes that the said M. P. Brown has utilized and is now utilizing a large amount of said monies so collected by fraud as hereinabove set out as security for said bond and that said insurance company hereinabove named has possessed or knows the whereabouts of said monies and securities and collateral placed with it by the said M. P. Brown or his agent. That said monies so received by the said Emmett G. Steed and the said M. P. Brown are monies properly belonging to this receivership and the said Commercial Standard Insurance Company should be served with a notice of this application and motion and that they or their agents be required to come into this court and show cause why they should not be held as parties holding or causing to be held, funds, monies and/or securities belonging to the assets of this receivership. * * *

"Wherefore, premises considered, plaintiff or applicant herein, prays that said Commercial Standard Insurance Company, a corporation, be served with a copy of this application and motion and that they be made by this court a party defendant herein, and that the receiver be ordered and directed to demand of the said Commercial Standard Insurance Company any sum or sums of money, securities or collateral placed with said company by the said M. P. Brown or his agent as security for any bond or bonds made by the said M. P. Brown with said insurance company. That the receiver be further directed and ordered by this Honorable Court to make demand upon one W. E. West of Canton, Texas, for the amount of said certified check in the sum of $3,750.00 and/or security or other collateral which has been placed to the credit, or is in the hands or in the custody of the said W. E. West, securing him for issuing said certified check, guaranteeing the appearance of the said Emmett G. Steed, and that the said W. E. West be served with a copy of this application and motion. That he be made a party herein and that he be required to show why he should not be held in contempt of this court for holding assets properly belonging to this receivership; for such other and further relief, in law or equity, to which she may be entitled."

On the same day plaintiff in error was by the court made a party defendant and the receiver was ordered and directed to make demand on it for any and all property placed in his hands by either Brown or Steed or their agents. It was further ordered that in case of a refusal to deliver such properties to the receiver he serve it with a notice to show cause why it should not be held in contempt.

In the judgment rendered October 30, 1933, there appears the following:

"And the court after hearing said plea in intervention and the testimony introduced in support thereof, finds that the Commercial Standard Insurance Company has within its possession and control a sum of $1000.00; that said sum was placed in possession of the Commercial Standard Insurance Company by the defendant, M. P. Brown, one of the defendants in this cause, or by his agent or agents; that the said sum is a part of the funds solicited and collected from Mrs. Maud V. Moeller, the intervenor herein, and that the said M. P. Brown is a partner of the said Emmett G. Steed, trading as the Steed Production Company, and that said sum was solicited from the said intervenor by the use of fraud and fraudulent letters and telegrams subsequent to the appointment by this court of a receiver over the properties of the said Emmett G. Steed, trading as the Steed Production Company, who is a partner of the said M. P. Brown. That the said $1000.00 now in possession of the defendant Commercial Standard Insurance Company represents monies solicited and collected by the said M.

P. Brown and Emmett G. Steed from this Intervenor, Mrs. Maud V. Moeller, and subsequently paid to the Commercial Standard Insurance Company by the said M. P. Brown, a defendant herein, and/or his agent or agents, and the Court is of the opinion that the said intervenor, Mrs. Maud V. Moeller, should have and recover from the said Commercial Standard Insurance Company a judgment in the amount of $1000.00, and that all other parties to this suit have no interest, right, or title in or to said sum of $1000.00 so deposited.

"It is therefore, ordered, adjudged and decreed by the Court that intervenor, Mrs. Maud V. Moeller, do have and recover of and from the Commercial Standard Insurance Company, a corporation, and defendant herein, the sum of $1000.00, together with interest at the rate of six per cent per annum from and after this date, etc."

The Commercial Standard Insurance Company has brought the case to this court by writ of error.

### Opinion.

Plaintiff in error complains of the judgment on the ground that there is neither pleading nor evidence to support it and that the evidence affirmatively shows that the moneys in its hands were pledged and hypothecated with it by persons other than defendant in error.

We have made a careful study of defendant in error's first amended original petition in intervention and her pleading which she has denominated a motion to make new parties, and we have been unable to find any allegations or prayer which will support the judgment here rendered. In her amended petition she prayed that certain certificates of interest in the Steed Production Company, together with certain thrift and bonus certificates, be approved by the court and that she have her interest in the bankrupt estate as revealed by such certificates; that she recover of the Steed Production Company a Steed drilling operation certificate of the value of $12.50; and that she have and recover in all the assets of the Steed Production Company the sum of $997.37, and that such amount be declared a prior lien on all the assets of the Steed Production Company.

In her motion to make parties the only relief asked was that the receiver be directed to demand from plaintiff in error all properties in its hands placed there by either Brown or Steed and that it be ordered, in case of a refusal, to show cause why it should not be held in contempt for holding assets properly belonging to the receivership.

From these pleadings it could certainly not be said that defendant in error was seeking a money judgment against plaintiff in error.

There being no pleading upon which to base the judgment rendered, it must be reversed, and judgment here rendered that as to plaintiff in error the defendant in error take nothing.